# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-630V
**Filed: January 27, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| LAURA DAY *as parent and natural* | * | |
| *guardian of* B.K.D., | * | |
| | * | |
| Petitioner, | * | Chief Special Master Dorsey |
| v. | * | |
| | * | |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees & Costs; |
| AND HUMAN SERVICES, | * | Reasonable Amount Requested to |
| | * | which Respondent Does Not Object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Anne Carrion Toale, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
Gordon Elliot Shemin, U.S. Department of Justice, Washington, D.C., for respondent.

**INTERIM ATTORNEYS' FEES AND COSTS DECISION**[1]

On September 24, 2012, Laura Day ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"),[2] as the legal representative of her daughter, B.K.D, in which she alleged that the Gardasil ("HPV") and FluMist ("influenza") vaccinations B.K.D. received on September 28, 2011, caused her to develop multiple sclerosis ("MS"). Petition at 3, ¶11. Petitioner further alleged that the vaccinations "actually caused, or, alternatively, significantly aggravated" B.K.D.'s injuries. Id. After the filing of the petition, it was discovered that B.K.D. actually suffers from a rare autoimmune disorder known as neuromyelitis optica ("NMO") or Devic's Syndrome, rather than MS. See Petitioner's ("Pet'r's")

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa.

Exhibit ("Ex.") 6 at 13.  On November 13, 2015, the undersigned issued a decision finding that petitioner was entitled to compensation.

On January 22, 2016, the parties filed a stipulation concerning interim attorneys' fees and costs.  Petitioner requests a total award of interim attorneys' fees and costs in the amount of $112,500.00.  Stipulation at ¶ 4.  Respondent does not object to an award in this amount.  Id. at ¶ 4.

The undersigned finds that petitioner is entitled to an award of interim attorneys' fees and costs under the unique facts and circumstances of this case.  See Butler v. Sec'y of Health & Human Servs., No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding interim attorneys' fees and costs over respondent's objection); Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cr. 2010) (holding that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees"); Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The undersigned finds that paragraphs 4-6 of the stipulation are reasonable and adopts them as the decision of the Court in awarding interim attorneys' fees and costs, on the terms set forth therein.

**Accordingly, the undersigned hereby awards a total of $112,500.00 issued in the form of a check payable jointly to petitioner and petitioner's attorney, Anne Toale of Maglio, Christopher & Toale, for interim attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   **IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.