# In the United States Court of Federal Claims

No. 12-630V
(Filed under seal December 7, 2016)
(Reissued December 21, 2016)

```
* * * * * * * * * * * * * * * * *
                                *
                                *
LAURA DAY and TODD DAY, as      *
guardians of the person and     *
estate of B.K.D.,               *
                                *
            Petitioners,        *
                                *
      v.                        *
                                *
SECRETARY OF HEALTH &           *
HUMAN SERVICES,                 *
                                *
            Respondent,         *
                                *
* * * * * * * * * * * * * * * * *
```

Vaccine Act, 42 U.S.C. §§ 300aa-12,
300aa-15, 300aa-21; interim damages
award upheld; cap on actual pain and
suffering; election to accept damages;
extreme financial hardship;
Dictionary Act, 1 U.S.C. § 1.

*Jennifer Anne Gore Maglio*, Maglio Christopher & Toale, PA, with whom was *Anne Carrión Toale*, both of Sarasota, Fla., for petitioners.

*Gordon Shemin*, Trial Attorney, Torts Branch, Civil Division, Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Rupa Bhattacharyya*, Director, *Catharine E. Reeves*, Acting Deputy Director, and *Voris E. Johnson, Jr.*, Assistant Director, all of Washington, D.C., for respondent.

## ORDER

WOLSKI, Judge.

In this matter, it is not disputed that the petitioners are entitled to compensation due to the vaccine injury suffered by their daughter, B.K.D. Nor does the Secretary of Health and Human Services challenge the amount of compensation awarded by the Chief Special Master in the decision under review, the $250,000 maximum for the pain and suffering already inflicted upon B.K.D. The question presented in the Secretary's motion for review is one solely of procedure, not substance --- namely, whether the National Childhood Vaccine Injury Act of 1986 (Vaccine Act), 42 U.S.C. §§ 300aa-1–300aa-34, allows for an interim award of

compensation to be paid before a special master has determined the full extent of compensation owed to petitioners.

On November 13, 2015, the Chief Special Master issued a ruling on entitlement in this vaccine case, finding that human papillomavirus and influenza vaccinations caused B.K.D. to develop the autoimmune disorder neuromyelitis optica. *Day ex rel. B.K.D. v. Sec'y of Health & Human Servs.*, No. 12-630V, 2015 WL 8028393, at *14, *17–18, *21–23 (Fed. Cl. Sp. Mstr. Nov. 13, 2015). On January 7, 2016, petitioners filed a motion seeking interim damages in light of their extreme financial hardship and B.K.D.'s urgent need for a wheelchair accessible van and housing modifications. On May 31, 2016, determining that special masters possess the discretionary authority to award interim damages, the Chief Special Master awarded petitioners $250,000.00 in interim damages for B.K.D.'s past pain and suffering.[1] Decision Awarding Interim Damages at 2, 6–9 (Fed. Cl. Spec. Mstr. May 31, 2016) (Decision). The Chief Special Master based her decision on the plain language of the Vaccine Act and analysis from a decision of another special master, as well as on one binding and two nonprecedential Federal Circuit opinions.[2] She explained that she did "not contemplate that interim damages would be routinely or even frequently awarded, but in this case, petitioners have made a persuasive case that there is extreme hardship and that accordingly, the purpose of the Vaccine Act is better fulfilled by making the interim award." *Id.* at 7.

Respondent filed a motion for our court to review the decision awarding interim damages, arguing that interim damages awards are not authorized by the Vaccine Act. Resp't's Mot. for Review at 2 (Resp't's Mot.). The Secretary contends that the Vaccine Act does not contain language expressly providing for an interim damages award, and that the act is best understood as authorizing a single damages decision. *Id.* at 4–8. Respondent further argued that the rationale supporting interim attorneys' fees does not apply to interim damages, *id.* at 10–11; that the nonprecedential orders allowing partial judgments have no bearing on

---

[1] Although the parties filed status reports agreeing that B.K.D.'s lost wages totaled $931,359.63, the Chief Special Master declined to include this amount in the interim award, since a change in circumstances prior to final judgment would affect such an award. Decision at 8 n.10 (citing, *inter alia*, *Tembenis v. Sec'y of Health & Human Servs.*, 733 F.3d 1190, 1195 (Fed. Cir. 2013)). The remainder of damages could not be calculated at the time the interim damages decision issued.

[2] Decision at 5–6 (citing *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Tembenis v. Sec'y of Health & Human Servs.*, No. 2103-5029, Order at 5–6 (Fed. Cir. May 16, 2013); *Heinzelman v. Sec'y of Health & Human Servs.*, No. 2011-5127, Order at 2 (Fed. Cir. June 13, 2012); *Lerwick v. Sec'y of Health & Human Servs.*, No. 06-847V, 2014 WL 1897656, at *3, 7 (Fed. Cl. Sp. Mstr. Apr. 16, 2014)).

whether special masters may award interim damages, *id.* at 11–13; and that interim damages present procedural difficulties, *id.* at 14–17.

The plain language of the Vaccine Act states that "[a] special master to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation."  42 U.S.C. § 300aa-12(d)(3)(A) (2012).  The decision under review is without question such a decision, as compensation under the Vaccine Act includes, "[f]or actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000."  *Id.* § 300aa-15(a)(4) (2012).  But the Vaccine Act itself is silent as to whether special masters are limited to issuing just one such decision.[3]

The use of the indefinite, singular article "a," in the formulation "a decision," hardly settles the matter.  The Dictionary Act, which courts "must consult" when construing federal statutes, *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2768 (2014), provides that, "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise—words importing the singular include and apply to several persons, parties, or things . . . ."  1 U.S.C § 1 (2012).  Respondent argues that, considering the Vaccine Act's overall context and structure, other language suggests that a single damages decision was intended by Congress. Resp't's Mot. at 5–7.   For instance, the sentence authorizing the issuance of "a decision" refers to "the amount of such compensation" in the singular, and the same paragraph twice mentions "[t]he decision of the special master."  42 U.S.C. § 300aa-12(d)(3)(A).  A subsequent subsection describes the procedures for our court's review of "the special master's decision."  *Id.* § 300aa-12(e)(1).

The mere use of terms in the singular, of course, hardly provides the context for escaping the ambit of the Dictionary Act rule regarding the use of the singular. And the initial description of "a decision" to be issued shows that the Vaccine Act is not a statute in which "[t]he consistent use of the definite article in reference to [something] indicates that there is generally only one . . . ."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).  But the biggest problem with the Secretary's reading of the Vaccine Act is that it rests on the interpretation of certain words in the singular that cannot be squared with Federal Circuit precedent.

For purposes of our Court's jurisdiction to review rulings of a special master, the Federal Circuit has held that a special master's decision on a request for interim attorneys' fees "is a decision on compensation" under subsections 12(d)(3)(A) and 12(e) of the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375–76 (Fed. Cir. 2010) (citing 42 U.S.C. § 300aa-12(d)(3)(A), (e)).  In *Shaw*, the

---

[3] Congress has, in at least one statute, expressly authorized payment of interim damages.  *See* 33 U.S.C. § 2705(a).

Federal Circuit recognized that decisions on attorneys' fees were reviewable "independent from a decision on the merits," and specifically allowed review of an interim fee denial prior to the issuance of a ruling on a petitioner's entitlement to compensatory damages. *Id.* at 1375–78. In such cases, no one questions the authority of our Court to review the subsequent decision regarding compensatory damages, and thus "the decision" reviewable by our Court under subsections 12(d)(3)(A) and 12(e) cannot be limited to just one.

The Secretary argues that the decisions concerning attorneys' fees are distinguishable, as the purpose of fees awards "is to ensure that vaccine-injury claimants will have a readily available competent bar to prosecute their claims under the Act," *Saunders v. Sec'y of Dep't of Health & Human Servs.*, 25 F.3d 1031, 1035–36 (Fed. Cir. 1994), rather than to compensate for injuries, and the Federal Circuit has found that the requirement that a petitioner elect to accept judgment, *see* 42 U.S.C. §§ 300aa-15(f)(1), 300aa-21(a), did not apply to such an award. Resp't's Mot. at 10–11 (citing *Saunders*, 25 F.3d at 1034–36).[4] But while this may explain *how* the Federal Circuit came to allow multiple decisions to be reviewed under the Vaccine Act, *see Shaw*, 609 F.3d at 1375, the important point is that *it does* --- which is fatal to the Secretary's argument that only one decision on compensation may be reviewed.

Moreover, the Court notes that when compensatory damages are awarded a petitioner, the Vaccine Act mandates that attorneys' fees and costs "shall also [be] award[ed] *as part of such compensation.*" 42 U.S.C. § 300aa-15(e)(1) (emphasis added). In those circumstances, an interim fee award allows one element of the total amount of compensation awarded a petitioner to be received in advance of the rest. The Vaccine Act does not contain any language that would prohibit the same treatment from being extended to actual pain and suffering damages under 42 U.S.C. § 300aa-15(a)(4). That the subsection 21(a) election to receive compensation would apply to any interim damages award is no reason to avoid such awards. The Secretary raises the prospect that a petitioner could elect to accept an interim damages award, but then elect to file a civil action for damages instead of accepting the remainder of the award, causing procedural difficulties. Resp't's Mot. at 14–16. But no such concern is present in this case, as petitioners have "disclaimed any intention to reject any future awards of damages." Decision at 2; *see also* Resp't's Mot. at 14 n.4; Pet'rs' Mem. in Resp. at 16. And since civil actions are limited to $1,000 in damages unless a written election to file a civil action was filed after judgment in our court, 42 U.S.C. § 300aa-11(2)(A)(i)(II), a simple expedient --- such

---

[4] The Federal Circuit recognized that the term "compensation" had different meanings in different portions of the Vaccine Act (and even in the same sentence, *see* 42 U.S.C. § 300aa-15(e)(1)), and determined that, as used in the election provisions, it referred only to compensatory damages. *See Saunders*, 25 F.3d at 1034–35.

as a direction that the Clerk not file any such election once a petitioner has filed an election to accept interim damages --- would prevent such strategic behavior from succeeding.[5]  Such a practice is consistent with the approach taken by the Federal Circuit, albeit in nonprecedential orders, where an election to accept judgment made before an appeal was decided, *Tembenis v. Sec'y of Health & Human Servs.*, No. 2103-5029, Order at 5–6 (Fed. Cir. May 16, 2013), and motions for partial summary affirmance of undisputed portions of damages awards, *id.* at 4; *Heinzelman v. Sec'y of Health & Human Servs.*, No. 2011-5127, Order at 2 (Fed. Cir. June 13, 2012), were apparently treated as the requisite election.

In limiting the interim damages award to the capped amount of pain and suffering damages already incurred, the Chief Special Master avoided the potential problem of "a change in the victim's conditions or expenses," *McAllister v. Sec'y of Health & Human Servs.*, 70 F.3d 1240, 1243 (Fed. Cir. 1995), and based the award on damages that a "snapshot" later in time would not change, *Tembenis v. Sec'y of Health & Human Servs.*, 733 F.3d 1190, 1195 (Fed. Cir. 2013).  Respondent has not identified any background principle of law that would preclude an award of interim damages in general, much less when the damages are fixed and undisputed.[6]

The Secretary's final argument concerns a policy matter that is not implicated by this case.  Although respondent does not challenge the entitlement ruling below, *see* Resp't's Mot. at 16 n.6, she worries that a future award of interim damages would force her to decide whether to challenge an entitlement ruling before the full damages exposure is known., *id.* at 16–17.  In the oral argument on this motion, petitioners countered that earlier appeals of underlying entitlement rulings are in the best interests of all parties --- reasoning that when a ruling is upheld, petitioners will receive awards earlier, and when overturned, both parties and the court will save time and resources from unnecessary compensation calculations.  The Court merely notes that while the availability of interim damages

---

[5]  When no election is timely filed, an election to accept judgment is deemed to have been made.  42 U.S.C. § 300aa-21(a).  If necessary, the Vaccine Rules, App. B to the Rules of the United States Court of Federal Claims (RCFC), could be amended to ensure that an election to accept interim damages constitutes an election to accept the final judgment.  *See* 42 U.S.C. § 300aa-12(d)(2).

[6]  The RCFC 54(b) procedure allowing for final judgment to be entered on less than all of the claims presented in an action might be taken to suggest that separate legal theories based on different sets of facts must be present for a judgment to be entered on interim damages.  *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976).  This was not raised by the Secretary, and is in any event inconsistent with the Federal Circuit's holding that judicial review is available for a special master's decision to defer determining the full extent of interim attorneys' fees awardable.  *See Shaw*, 609 F.3d at 1373, 1378.

could accelerate decisions on both sides --- whether to elect to accept compensation under 42 U.S.C. § 300aa-21(a), and whether to appeal the underlying entitlement ruling under 42 U.S.C. § 300aa-12(e)(1) --- policy considerations are best addressed to the policymaking branch of our government.

The Court concludes that the Chief Special Master reasonably interpreted the Vaccine Act to allow for an award of interim damages in this case.  The decision under review was a "decision . . . with respect to whether compensation is to be provided under the Program and the amount of such compensation," authorized by the Vaccine Act, 42 U.S.C. § 300aa-12(d)(3)(A).  Petitioners' entitlement to $250,000 for the past pain and suffering of their daughter B.K.D. is not disputed. Respondent took no position on the criteria employed by the Chief Special Master in determining that an award of interim damages was appropriate, and thus that matter was not before the Court.  For the reasons stated above, respondent's motion for review is **DENIED**, and the Chief Special Master's decision awarding interim damages is **SUSTAINED**.  The Clerk shall enter judgment awarding petitioners interim compensation in accordance with that decision.  If petitioners file an election to receive this compensation under 42 U.S.C. § 300aa-21(a)(1), they will not be permitted to file a subsequent election to file a civil action under that subsection.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge