# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 12-630V
**Filed: July 11, 2017**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*       UNPUBLISHED

BAILEY DAY,      \*

         \*      Case No. 12-630 V

     Petitioner,      \*

         \*

v.      \*      **Chief Special Master Dorsey**

         \*

SECRETARY OF HEALTH      \*      Attorneys' Fees and Costs;

AND HUMAN SERVICES,      \*      Administrative Time Reduction;

         \*      Reasonable Hourly Rates.

     Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Anne Carrion Toale, Maglio, Christopher & Toale, P.A., Sarasota, FL, for petitioner.
Justine Walters, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

       On May 24, 2017, petitioner filed a motion for attorneys' fees and costs, requesting $51,550.80 in attorneys' fees for her counsel, Anne Toale, of Maglio, Christopher & Toale, P.A., ("MCT") and $47,224.76 in attorneys' costs, for a total of $98,775.56. Petitioner's Application ("Pet. App.") dated May 24, 2017 (ECF No. 166) at 2. Petitioner also requested reimbursement for $345.24 in personal costs. Id. On May 31, 2017, respondent filed a general response in which he stated that the undersigned should use her discretion in determining an appropriate amount of attorneys' fees and costs. Respondent's Response ("Resp's Resp.") dated May 31, 2017 (ECF No. 167). For the reasons discussed below, the undersigned GRANTS petitioner's motion for attorneys' fees and costs and awards a total of $96,738.49 in attorneys' fees and costs and $345.24 in petitioner's costs.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I.   Background

On September 24, 2012, Laura Day filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"),[2] as the legal representative of her then-minor daughter, Bailey Day, in which she alleged that the Gardasil ("HPV") and FluMist ("influenza") vaccinations Bailey received on September 28, 2011, caused her to develop multiple sclerosis ("MS").  Petition at 3, ¶11.  After the filing of the petition, it was discovered that Bailey actually suffers from a rare autoimmune disorder known as neuromyelitis optica ("NMO") or Devic's Syndrome, rather than MS.  See Petitioner's ("Pet'r's") Exhibit ("Ex.") 6 at 13.

On November 13, 2015, the undersigned issued a decision finding that petitioner was entitled to compensation.  During the time in which this case was being adjudicated, Bailey Day turned 18 years old and was made the petitioner in her case.  On May 31, 2016, the undersigned awarded Bailey interim damages for past pain and suffering.[3]  On March 3, 2017, respondent filed a Proffer on Award of Compensation ("proffer"), and the undersigned issued a decision based on the proffer on March 6, 2017.  Petitioner was awarded a lump sum of $1,283,828.14, in addition to an annuity contract and a Medicaid lien reimbursement.

On January 27, 2016, the undersigned issued a decision awarding petitioner interim fees and costs in the amount of $112,500.00 from thne beginning of the case up until January 2016.  Decision dated Jan. 27, 2017 (ECF No. 91).  On May 24, 2017, petitioner filed a motion for final attorneys' fees and costs, requesting a total of $98,775.56 in attorneys' fees and costs and $345.24 in petitioner's costs.  Pet. App. at 1.  Petitioner's present request includes only fees and costs incurred between January 2016 to the conclusion of the case in May 2017.  Respondent filed a general response on May 31, 2017, in which he deferred judgment of attorneys' fees and costs to the undersigned.  Resp's Resp. at 1.  Petitioner filed a reply on June 1, 2017.  Pet. Reply dated May 31, 2017 (ECF No. 168).  Petitioner did not bill any additional time associated with the reply.

## II.   Reasonable Attorneys' Fees

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. §300aa-15(e)(1).  In this case, petitioner was awarded compensation and therefore is entitled to an award of reasonable attorneys' fees and costs.

### a.   Reasonable Hourly Rate

Ms. Toale requests the following hourly rates: $367.00 per hour for work performed in 2016, and $378.00 per hour for work performed in 2017.  Pet. Ex. 71 at 1, 12.  These rates are in

---

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa.

[3] Respondent filed a motion for review of this decision on June 30, 2016, and the decision was affirmed by Judge Wolski on December 7, 2017.  The final judgment awarding interim damages was entered on January 18, 2017.

accordance with rates previously awarded to Ms. Toale, and the undersigned finds them reasonable.  See Battistone v. Sec'y of Health & Human Servs., 09-878V, 2017 WL 2333627 (Fed. Cl. Spec. Mstr. May 2, 2017).

Ms. Maglio requests compensation at the rate of $353.00 per hour for work performed in 2016.  Pet. Ex. 71.  In support of her request, Ms. Maglio filed an affidavit regarding her work as an attorney, which cites to cases in which she was awarded similar hourly rates for previous years.[4] However, these cases do not discuss an appropriate hourly rate for Ms. Maglio.  Ms. Maglio has been actively engaged in the practice of law since 1996 and handles appellate matters for MCT. Pet. Ex. 75 at 2.  Her rate of $353.00 per hour for work performed in 2016 is within the ranges included in the 2016 fee schedule for attorneys with 20 to 30 years of experience.[5]  The undersigned finds Ms. Maglio's request of $353.00 per hour in 2016 reasonable.

In addition to the attorney time, several paralegals also billed time in this case.  Pet. Ex. 71 at 17.  The paralegals all charged an hourly rate of between $135.00 and $145.00 per hour for work performed in 2016 and 2017.  Id.  The undersigned has previously found these rates to be acceptable for MCT paralegals and awards the requested rates in this case.  See Kyles v. Sec'y of Health & Human Servs., 2016 WL 8715743 (Fed. Cl. Spec. Mstr. Dec. 7, 2016).

### b.  Administrative Time

While petitioner is entitled to an award of attorneys' fees and costs, the undersigned finds that it is appropriate to reduce or deny compensation for certain billing entries.  In making reductions, a line-by-line evaluation of the fee application is not required.  Wasson v. Sec'y of Health & Human Servs., No. 90-208V, 24 Cl. Ct. 482, 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates"); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

---

[4] Pet. Ex. 75 at 3 (citing O'Neill v. Sec'y of Health & Human Servs., 08-243V, 2015 U.S. Claims LEXIS 620 (Fed. Cl. Spec. Mstr. Apr. 28, 2015); Scharfendberger v. Sec'y of Health & Human Servs., 11-221V, 124 Fed. Cl. 225 (Fed. Cl. 12015); and DeLoatch v. Sec'y of Helath & Human Servs., 09-171V, 2016 U.S. Claims LEXIS 1565 (Fed. Cl. Spec. Mstr. Sept. 26, 2016)).

[5] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The hourly rates contained within are from the decision McCulloch v. Sec'y of Health & Human Servs., No. 09-093V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

In the present case, MCT paralegals collectively billed over nine hours of work that is best characterized as administrative time.[6]  Accordingly, the undersigned reduces petitioner's overall attorneys' fee award by two percent, or $1,031.02.

### c.  Travel Time

The Vaccine Program routinely compensates attorneys at half their normal rate for time spent traveling.  See Kuttner v. Sec'y of Health & Human Servs., No. 06-195V, 2009 WL 256447, *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 2241877, *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); Scoutto v. Sec'y of Health & Human Servs., No. 90-3576, 1997 WL 588954, *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); English v. Sec'y of Health & Human Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."  Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 791 (2010).  "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling."  Id.

This practice has been further reinforced by the Court of Federal Claims in Greenwood, wherein the court held that travel time must be reasonable and that to receive the full hourly rate, the attorney must prove why he or she did not perform other work during the time spent traveling.  Greenwood v. United States, 131 Fed. Cl. 231, 242 (Fed. Cl. 2017) (compensating the attorney for his full rate since the time billed was for driving and the attorney was unable to work).

Petitioner's attorneys have previously been denied the full rate for travel time when they were unable to prove that it was their standard billing practice.  Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 790-91 (Fed. Cl. 2010); Bassett v. Sec'y of Health & Human Servs., 15-1231V, 2017 WL 2883899 (Fed. Cl. Spec. Mstr. March 23, 2017).  In this case, petitioner's counsel provided no explanation for why other work was performed on the trip to Washington, D.C., but no work was performed on the return flight.[7]  Nor did petitioner's counsel submit any evidence supporting their assertion that billing at a full rate for travel is their standard practice.  As such, the

---

[6] For example, the paralegals billed for filing documents, paying invoices for medical records, converting files into PDF format, scheduling status conferences, sending faxes, downloading orders, and calendaring deadlines.  Additionally, the undersigned also noted that several of the paralegals' entries were duplicative of work performed by Ms. Toale, including reviewing orders and electronic notices of filing.  See generally Pet. Ex. 71.  Paralegals charged over $1,200.00 for entries that constitute administrative work.

[7] Jennifer G. Maglio billed 1.20 hours for travel from Sarasota, FL to Washington, DC, since waiting and flight time was "spent on other work."  She billed 4.50 hours for the "return from oral argument," her travel back to Florida.

undersigned compensates Ms. Maglio for travel time at half of her normal hourly rate, resulting in a deduction of $1006.05.

## III.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner's counsel requests $47,224,76 in attorneys' costs for expenses incurred by the firm. Pet. App. at 2. These costs include payments for the expert services of Dr. Carlo Tornatore,[8] expenses for the development of petitioner's life care plan, travel costs, and general office costs. <u>See</u> <u>generally</u> Pet. Ex. 72. The undersigned finds all of these costs reasonable and awards them in full.

## IV.    Conclusion

Based on all of the above, the undersigned finds that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**<u>Attorneys' Fees</u>**
| | |
|---|---|
| Requested: | $51,550.80 |
| Administrative time reduction: | ($1,031.02) |
| Travel time reduction: | ($1,006.05) |
| Awarded: | $49, 513.73 |

**<u>Attorneys' Costs</u>**
| | |
|---|---|
| Requested: | $47,224.76 |
| Reductions: | ($0.00) |
| Awarded: | $47,224.76 |

**<u>Total Fees and Costs</u>**
| | |
|---|---|
| Total: | $96,738.49 |

**<u>Petitioner's Costs</u>**
| | |
|---|---|
| Total: | $345.24 |

---

[8] Dr. Tornatore submitted an invoice for the services he performed in the case. Pet. Ex. 72 at 3. Dr. Tornatore requests a total of $16,600.00 for 41.5 hours of work at $400.00 per hour. His invoice includes time billed for his initial review of the case in 2013 and the time he spent preparing for and testifying during the hearing. <u>Id.</u> Because the overall amount of time spent and the hour rate charged are reasonable, the undersigned does not further reduce Dr. Tornatore's invoice. However, the undersigned notes that some of Dr. Tornatore's time was block billed, particularly the time he spent working on the case in 2013. The undersigned warns petitioner that the Office of Special Masters now requires a detailed invoice from the expert regarding the work performed in the case and the amount of time spent performing each task. <u>Mostovoy</u>, 2016 WL720969. If such an invoice is not provided in the future, the undersigned may not award expert fees. <u>Id.</u>

Accordingly, the undersigned awards:

**A lump sum in the amount of $96,738.49, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Maglio, Christopher & Toale, P.A.; and**

**A lump sum in the amount of $345.24, representing reimbursement for petitioner's out-of-pocket costs, in the form of a check payable to petitioner, Bailey Day.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[9]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.